**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CELEBRITY CRUISES, INC., a Florida Corporation; ROYAL CARRIBEAN CRUISES, LTD., a Liberian limited company; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. COPYRIGHT INFRINGEMENT <br> 2. VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> **<u>JURY TRIAL DEMANDED</u>** |

COMPLAINT

Plaintiff Dr. Elliot McGucken ("McGucken"), by and through his undersigned attorneys, for their complaint against defendants, hereby pray to this Honorable Court for relief as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.      The defendants are subject to personal jurisdiction in Florida.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a).

## PARTIES

5.      Dr. McGucken is an individual residing in California.

6.      McGucken is informed and believes and thereon alleges that Celebrity Cruises Inc., is a Florida corporation doing business in and with this judicial district, including through regularly directs and books customers on cruises from New York City.

7.      McGucken is informed and believes and thereon alleges that Royal Caribbean Cruises, Ltd. ("Royal Caribbean") is a Liberian limited company doing business in and with this District, including through offering cruises from New York city and through its registered agent at 28 Liberty Street New York, NY 10005.

8.      Defendants Does 1 through 10, inclusive (collectively with Celebrity Cruises, "Defendants"), are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to McGucken, who therefore sues said Defendants by such

- 2 -

COMPLAINT

fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.      McGucken is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

10.      All defendants are subject to personal jurisdiction in this district because they avail themselves of the laws of the State of Florida and purposefully direct their activities toward and conduct business with consumers within the state of Florida and this district.

<u>**CONDUCT COMMON TO ALL CLAIMS**</u>

11.      McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in *The Smithsonian Magazine*, *The National Parks Magazine*, and other fine arts publications and have won over 100 photographic awards.

12.      McGucken owns and created the original photograph depicted below (the "Subject Photograph"):

/ / /

/ / /

COMPLAINT

**SUBJECT PHOTOGRAPH**



13.    McGucken complied in all respects with the Copyright Act, 17 U.S.C. § 101, et. seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which McGucken has registered with the United States Copyright Office.

14.    Prior to the acts complained of herein, McGucken widely publicly displayed and disseminated the Subject Photograph, including on his personal website:

 "https://www.emcgucken.com/" or on his social media profiles.

/ / /

/ / /

- 4 -

COMPLAINT

15.     On information and belief, Celebrity Cruises is a commercial cruise company under the umbrella of Royal Caribbean, and that the two companies own and operate the commercial website "celebritycruises.com."

16.     McGucken is informed and believes and thereon alleges that following his publication and display of the Subject Photograph, Defendants used the Subject Photograph without McGucken's authorization for commercial purposes in various ways, including, but not limited to, reproducing the Subject Photograph on the company's commercial websites at "https://www.celebritycruises.com/blog/things-to-do-in-astoria-oregon" and "https://www.celebritycruises.com/blog/content/uploads/2021/12/things-to-do-in-astoria-oregon-cannon-beach-hero-1024x550.jpg"  (the "Infringing Uses"). True and correct screen captures of the Infringing Uses are depicted below:

| INFRINGING USES |
|---|
| **URL:** https://www.celebritycruises.com/blog/things-to-do-in-astoria-oregon |



COMPLAINT

**URL:** https://www.celebritycruises.com/blog/content/uploads/2021/12/things-to-do-in-astoria-oregon-cannon-beach-hero-1024x550.jpg



17.     Upon information and belief, McGucken alleges that Celebrity Cruises had access to the Subject Photograph, including through McGucken's numerous online profiles and features, publications and press featuring his work, his social media accounts, his numerous physical photography exhibitions, and/or through viewing the Subject Photograph on third-party websites (e.g., Twitter, Instagram, Pinterest, internet search engines, etc.).

18.     McGucken has not in any way authorized Celebrity Cruises or Royal Caribbean to exploit the Subject Photograph.

COMPLAINT

19.    On or around October 6, 2023, McGucken sent a letter to Celebrity Cruises, demanding that it cease and desist all publication, display, or sale of the Subject Photograph and the Infringing Use. Defendants did not reach a resolution of this matter with McGucken, necessitating this action.

20.    As of the date of filing, certain of the Infringing Uses remain active.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

21.    McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22.    Upon information and belief, McGucken alleges that Defendants had access to the Subject Photograph through including, without limitation, viewing the Subject Photograph on McGucken's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

23.    Upon information and belief, McGucken alleges that Defendants copied, reproduced, displayed, and distributed the Subject Photograph online at and on the commercial websites bearing the URLs depicted above.

24.    Upon information and belief, McGucken alleges that Defendants infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

25.    Due to Defendants' acts of infringement, McGucken has suffered substantial damages to his business in an amount to be established at trial.

- 7 -

COMPLAINT

26.     Due to Defendants' acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

27.     Due to Defendants' acts of copyright infringement as alleged herein, Celebrity Cruises has obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

28.     McGucken is informed and believes and thereon alleges that Defendants, have committed copyright infringement, as alleged above, which was willful, intentional and malicious, which further subjects Celebrity Cruises to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, McGucken will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

29.     McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30.     Upon information and belief McGucken alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use



on affiliate, third-party, and social media sites; and distributing the Infringing Use to third-parties for further publication.

31.    Upon information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of said usage.

32.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

33.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34.    Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

COMPLAINT

35.     McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, McGucken will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, McGucken prays for judgment as follows:

a.  That Defendants, their agents and employees be enjoined from infringing McGucken's copyrights in any manner, specifically those for the Subject Photograph;

b.  That McGucken be awarded all profits of Defendants plus all losses of McGucken, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504;

c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d.  That McGucken be awarded his attorneys' fees as available under the 17 U.S.C. § 504;

e.  That Defendants, and each of them, account to McGucken for his profits and any damages sustained by McGucken arising from the foregoing acts of infringement;

f.   That McGucken be awarded pre-judgment interest as allowed by law;

g.   That McGucken be awarded the costs of this action; and

h.   That McGucken be awarded such further legal and equitable relief as the Court
     deems proper.

## DEMAND FOR JURY TRIAL

McGucken demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and
the 7th Amendment to the United States Constitution.


Dated: November 20, 2025                         Respectfully submitted,

                                    By:    /s/ *David Michael Stuart Jenkins*
                                           Scott Alan Burroughs, Esq.
                                           David Michael Stuart Jenkins.
                                           DONIGER / BURROUGHS
                                           *Attorneys for McGucken*

COMPLAINT